UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

**Dennis P. Mooney**

                              **Plaintiff,**

v.                                                    3:02 - CV - 01113
                                                          (NAM/DEP)

**Continental Assurance Company,**

                              **Defendant.**
───────────────────────────────────────────

APPEARANCES:                                                    OF COUNSEL:

Levene, Gouldin & Thompson, LLP               Gary W. Farneti, Esq.
*Attorneys for Plaintiff*
450 Plaza Drive
Vestal, New York 13850

Costello, Cooney & Fearon, PLLC                Paul G. Ferrara, Esq.
*Attorneys for Defendant*
205 South Salina Street
Syracuse, New York 13202

NORMAN A. MORDUE, D.J.:

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      Dennis P. Mooney ("plaintiff") commenced this action against Continental Assurance Company ("defendant") as a beneficiary of a group life insurance plan, alleging claims for wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"), promissory estoppel, equitable estoppel, and common law breach of contract.  Defendant maintains that plaintiff's claims are without merit and moves for summary judgment pursuant to

Rule 56(c) of the Federal Rules of Civil Procedure, seeking to dismiss all of plaintiff's claims. For the reasons set forth below, the Court grants defendant's motion for summary judgement.

## II.   FACTUAL BACKGROUND

On July 27, 2000, United Health Services Hospitals, Incorporated (the "UHSH") hired plaintiff's wife, Louise Mooney, as a medical secretary.  As a UHSH employee, Louise Mooney was eligible to participate in certain benefits offered by UHSH, including group life insurance policy, which UHSH had purchased from defendant.  The policy named UHSH as a "Holder" and a "Plan Administrator" and gave the UHSH the sole authority to determine eligibility for benefits under the policy.

The USHS plan offered basic and supplemental group life insurance to eligible employees.  The basic life insurance was paid in full by the UHSH and provided to all eligible employees without the need for enrollment.  The supplemental life insurance, or "contributory insurance" by contrast, had to be purchased by UHSH's employees through their employment by way of payroll deductions and required enrollment by the individual in accordance with the policy provisions.  The policy provided in relevant part as follows:

> Before the contributory insurance will be effective, the individual must agree to pay the premium and make a written request to the [UHSH].  The request must be on forms provided by [defendant] for that purpose.  If he does all these things, the individual's contributory insurance will take effect as follows:
>
> 1.   On the date the individual becomes eligible, if request is made on or before such date; or
> 2.   On the first day of the policy month next following the date of request, if the request is made within thirty-one days after the individual's eligibility date; or
> 3.   On the first day of the policy month coinciding or following [defendant's] approval of any required proof of good health.  Defendant require[s] proof of good health of an individual makes a request for insurance:

>    a.   After thirty-one days from the date he first becomes eligible; or
>    b.   After a prior termination of insurance while he remained in a class eligible for insurance.

On September 25, 2000, Louise Mooney completed her enrollment application for supplemental life insurance benefits and submitted it to the UHSH for processing. Louise Mooney designated plaintiff as the beneficiary of her supplemental life insurance. On the enrollment application, UHSH recorded July 27, 2000, as Louise Mooney's hire date and August 1, 2000, as her eligibility date. Subsequently, the UHSH determined that Louise Mooney was eligible for supplemental life insurance benefits and began deducting premium payments from her paycheck. The UHSH submitted deducted premium payments on behalf of Louise Mooney to defendant.

On August 13, 2001, defendant received a claim for life insurance benefits in connection with death of Louise Mooney on August 6, 2001. Based on the claim and the policy, defendant approved payment of the basic life insurance benefit in the amount of $20,300.00, together with applicable mandated interest. Defendant, however, denied plaintiff's claim for supplemental life insurance benefits in the amount of $40,500.00 because, according to defendant, Louise Mooney did not enroll in supplemental life insurance plan in accordance with the above-quoted policy provisions. Specifically, defendant maintains that Louise Mooney failed to complete the enrollment form within the applicable enrollment period and also failed to provide evidence of insurability.

In August of 2002, plaintiff commenced this action seeking to recover supplemental life insurance benefits allegedly due to him as the sole beneficiary of Louise Mooney's policy.

**III.   DISCUSSION**

### A. Standard of Review

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Fed. R. Civ. P. 56(c)*. Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986). Irrelevant or unnecessary facts do not preclude summary judgment, even when they are in dispute. *See id.* The moving party bears the initial burden of establishing that there is no genuine issue of material fact to be decided. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). With respect to any issue on which the moving party does not bear the burden of proof, it may meet its burden on summary judgment by showing that there is an absence of evidence to support the nonmoving party's case. *See id.* at 325. Once the movant meets this initial burden, the nonmoving party must demonstrate that there is a genuine unresolved issue for trial. *See Fed. R. Civ. P. 56(e)*. It is with these considerations in mind that the Court addresses defendant's motion for summary judgment.

### B. ERISA Claim

Plaintiff challenges defendant's denial of supplemental life insurance benefits under *29 U.S.C. § 1132(a)(1)(B)*, ERISA's civil enforcement provision. This section authorizes a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." A claim under *29 U.S.C. § 1132(a)(1)(B)* "in essence, is the assertion of a contractual right under a benefit plan." *See Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir. 1999). Accordingly, to enforce the terms of the plan, the participant must first qualify

for the benefits provided under the plan. *See id.*; *see also Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 170 (2d Cir. 2005) (stating that "[a] suit for benefits under the terms of an ERISA-governed plan necessarily fails where participant does not qualify for those benefits").

In the present case, the policy provides that it will take effect as follows:

1. On the date the individual becomes eligible, if request is made on or before such date; or
2. On the first day of the policy month next following the date of request, if the request is made within thirty-one days after the individual's eligibility date; or
3. On the first day of the policy month coinciding or following [defendant's] approval of any required proof of good health. [Defendant] require[s] proof of good health of an individual makes a request for insurance:

    a. After thirty-one days from the date he first becomes eligible; or
    b. After a prior termination of insurance while he remained in a class eligible for insurance.

The UHSH hired Louise Mooney on July 27, 2000. Accordingly, under the terms of the group policy she became eligible for benefits on August 1, 2000. From this eligibility date, Louise Mooney had thirty one days in which to elect supplemental coverage without providing evidence of good health. Louise Moonaey's enrollment form, however, is dated September 25, 2000 - more than thirty-one days after the date of eligibility. Furthermore, the enrollment form was not accompanied by evidence of good health as required by the terms of the insurance policy. Based on these facts, the Court concludes that Louise Mooney did not enroll for supplemental insurance coverage in accordance with the policy's terms and conditions and, as a result, her policy had never become effective. Since Louise Mooney did not qualify for the benefits provided under the plan, plaintiff's request for relief under *29 U.S.C. § 1132(a)(1)(B)* must be denied. *See Strom*, 202 F.3d at 142 (stating that plaintiff was not entitled to remedy

under *29 U.S.C. § 1132(a)(1)(B)* where her husband died after he had applied for supplemental life insurance coverage but before such coverage actually took effect, as no benefit was due to plaintiff's husband at the time of his death); *see also Weinreb*, 404 F.3d at 171 (dismissing plaintiff's *29 U.S.C. § 1132(a)(1)(B)* claim where enrollment in life insurance plan was a prerequisite to qualifying for benefits offered under the plan but plaintiff's husband failed to enroll).

### C. Estoppel Claims

Even though Louise Mooney did not qualify for benefits under the plan for purposes of the *29 U.S.C. § 1132(a)(1)(B)* claim, plaintiff may still recover against defendant if he can demonstrate that principles of equitable or promissory estoppel apply in his case. To succeed on a promissory estoppel claim, plaintiff must demonstrate that: (1) defendant made a promise to plaintiff, (2) plaintiff relied on that promise, (3) as a result of the reliance plaintiff suffered an injury, and (4) an injustice will occur if the promise is not enforced. *See Schonholz v. Long Island Jewish Med. Ctr.*, 87 F.3d 72, 79 (2d Cir. 1996); *see also Delvin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76, 85 (2d Cir. 2001). To succeed on an equitable estoppel claim, plaintiff must demonstrate that (1) defendant made a material misrepresentation to plaintiff, (2) plaintiff justifiably relied on the misrepresentation, and (3) as a result of reliance plaintiff suffered damages. *See Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993). Additionally, both theories require that the plaintiff adduce not only facts sufficient to support the basic elements of estoppel claims, but also facts sufficient to satisfy the "extraordinary circumstances" requirement. *Devin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 85-86 (2d Cir. 2001). After carefully reviewing the record, the Court concludes that, as a matter of law, plaintiff

cannot succeed on his estoppel claims because of his inability to demonstrate that "extraordinary circumstances" exist in his case.[1]

Although the Second Circuit has yet to specifically define the term "extraordinary circumstances," it is clear that the requirement is not "satisfied unless the circumstances are indeed beyond the ordinary." *Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140, 152 (2d Cir. 1999). Furthermore, simple fulfillment of the basic elements of estoppel claim is not by itself sufficient to establish "extraordinary circumstances." *See id*. Extraordinary circumstances, however, may exist where a party makes a promise to intentionally induce a particular behavior on the part of the plaintiff before the promise is withdrawn. *See Patterson v. J.P. Morgan Chase & Co.*, 2004 WL 1920215, at *9 (S.D.N.Y. 2004); *Pronti v. CNA Financial Corp.*, 353 F.Supp.2d 320, 326-327 (N.D.N.Y. 2005) ("extraordinary circumstances" requirement satisfied where employer intentionally induced employee to accept employment through representations regarding benefit accrual credit, and then later reneged on its promise); *See Delvin*, 274 F.3d at 86 (holding that employer's intentional promise of lifetime benefits to lure and retain employees away from other firms paying higher salaries, and then denying those benefits after employees were of an age where they could neither make up the salary difference or obtain alternative benefits at a reasonable cost, gave rise to "extraordinary circumstances"); *Schonholz*, 87 F.3d at 79 (finding "extraordinary circumstances" where the employer promised severance benefits as an inducement to persuade the plaintiff to retire but upon plaintiff's retirement withheld the promised benefits).

---

[1]The Court arrived at this conclusion without deciding whether plaintiff satisfied basic elements of his promissory and equitable estoppel claims.

In the present case, plaintiff does not claim that Louise Mooney's decision not to obtain additional supplemental life insurance coverage was due to intentional inducement by defendant.[2] Plaintiff, however, asserts that "extraordinary circumstances" exist in this case because (1) defendant retained premiums forwarded to it by the UHSH on behalf of Louise Mooney; (2) defendant failed to inform Louise Mooney that she was not covered by supplemental benefits; and (3) defendant refused to comply with the UHSH's directive to pay plaintiff requisite benefits.

Second Circuit has not yet expressly decided whether retention of premium payments by the insurance company and subsequent denial of coverage based on improper enrollment satisfies the "extraordinary circumstances" requirement.[3]  *See Delvin*, 274 F.3d at 86

---

[2]Plaintiff claims that if Louise Mooney did not rely on defendant's alleged misrepresentation that she was covered by supplemental benefits, and if the defendant returned the premiums promptly, she could have obtained a supplemental insurance policy elsewhere. These allegations, however, merely establish that plaintiff allegedly relied on defendant's actions.  Reliance, however, is one of the basic elements of the estoppel claim and does not, by itself, render the case "extraordinary."  *See Delvin*, 173 F.3d at 102.

[3]In *Stovall v. First Unum Life Insurance Co.*, 2001 WL 1178601 (2d Cir. 2001), the plaintiff was employed in the capacity of a director of the medical records department.  The plaintiff's employer offered its employees long term disability insurance from the First Unum. The plaintiff submitted an application for the insurance in question.  Unfortunately, plaintiff's employer erred in processing his application and, as a result, the plaintiff was never properly enrolled in the plan.  Nevertheless, the employer continued to collect premium payment from the plaintiff and forwarding them to the First Unum.  At some point in time, the plaintiff sought to collect long term disability benefits from the First Unum.  The First Unum, however, denied the benefits on the basis that the plaintiff was never properly enrolled in the plan.  The plaintiff sought to recover against the First Unum on the basis of estoppel principles.  Based on these facts, the Second Circuit held that plaintiff, among other things, failed to allege existence of "extraordinary circumstances" in support of his claim against the First Unum and, accordingly, dismissed the claim.
    This Court finds the present case to be factually similar to that of *Stovall*.  In reaching its final decision, however, the Court does not rely on the case in question because the Second Circuit designated it as non-precedential.  Nevertheless, the Court finds it of interest that Second

8

(recognizing that the Court of Appeals has not yet had an opportunity to decide whether the "extraordinary circumstances" requirement can be satisfied by evidence other than that of intentional inducement). The district courts in this and other circuits, however, have considered the issue in question. In *Wallace v. Life Ins. Co. of North America*, 1997 WL 375653 (S.D.N.Y. 1997), defendant denied the plaintiff long-term disability benefits because the policy excluded from the coverage claims based on pre-existing conditions and plaintiff's claim was based on just such a condition. The plaintiff argued that the defendant should be estopped from denying her coverage because it continued to treat her policy as valid by accepting her premiums and, thus, inducing her to relinquish the right to obtain other insurance. *See id.* at *4. Based on these facts, the court concluded that defendant's treatment of the policy as valid and defendant's continued acceptance of the premiums did not "guarantee [plaintiff] benefits without regard to the terms of the policy." *Id.* Furthermore, the court concluded that plaintiff's allegations were insufficient to satisfy "extraordinary circumstances" requirement. *See id.*

In *Arocho v. Goodyear Tire & Rubber Co*, 88 F.Supp.2d 1175 (D. Kan. 2000), the plaintiff brought an action to recover life insurance benefits offered to her husband through his employer. After her husband's death, the defendant insurance company refused to pay plaintiff the proceeds allegedly due under the plan. The insurance company contended that proceeds were not payable as the plaintiff's husband died just two days before his coverage became effective. *See id.* at 1181. The plaintiff maintained that the insurance company should be

---

Circuit concluded that the "extraordinary circumstances" requirement was not satisfied where the facts indicated that the insurance company refused the payment of benefits to the insured on the basis of improper enrollment despite the fact that it consistently accepted payment of premiums on his behalf.

9

estopped from denying the benefits in question because it accepted premiums paid for the policy. *See id.* at 1183-1184.  The court disagreed with the plaintiff, stating that acceptance of employee's application and initial premium for supplemental group life insurance, followed by plan's denial of coverage for employee's death based on fact that death preceded coverage, was not "extraordinary" or "egregious" circumstance justifying estoppel of plan's ability to deny coverage on the terms of the policy. *See id.*

The court came to the same conclusion in *Sippel v. Reliance Standard Life Insurance, Co.*, 128 F.3d 1261 (8th Cir. 1997).  In *Sippel*, plaintiff's husband died unexpectedly in a car accident after he left his employment but before he applied for individual accidental death policy. *See id.* at 12621263.  According to the terms of the policy, the eligibility for group coverage ceased upon termination of employment and individual coverage did not become effective until the employee applied for individual benefits. *See id.*  Despite clear language in the policy, the plaintiff argued that the insurance company should be estopped from denying that an effective conversion took place because a premium payment for individual accidental death policy was made by way of a payroll deduction from her husband's final paycheck. *See id.* at 1263.  The court, however, found plaintiff's argument to be unpersuasive.  The court concluded that insurer's receipt of premium, by way of deduction from employee's final paycheck, cannot work an estoppel against the insurance company when the former employee failed to properly convert his group coverage to an individual coverage. *See id.*

*Kaus v. Standard Life Ins. Co.*, 176 F.Supp.2d 1193 (D. Kan. 2001), is also pertinent to the resolution of the present case.  In *Kaus*, plaintiff sued the insurer under ERISA, challenging insurer's denial of long-term disability benefits under the group health plan. *See id.* at 1194.

The insurer argued that it properly denied the benefits on the basis that plaintiff's insurance coverage ceased two years prior to the submission of his claim. *See id.* at 1196. The plaintiff argued that the insurer should be estopped from denying coverage because it continued to accept plaintiff's premium payments and failed to notify the plaintiff that he was no longer eligible under the plan. *See id.* at 1198-1999. Furthermore, the plaintiff argued that a nearly two year delay before the insurer asserted plaintiff's ineligibility as a defense to providing requested benefits, made plaintiff's case an "extraordinary" or "egregious." *See id.* at 1999. The court rejected plaintiff's argument, noting that in the absence of allegations of "lies, fraud, or intent to deceive," plaintiff could not satisfy the "extraordinary circumstances" requirement. *See id.* Accordingly, the court granted insurer's motion for summary judgment, dismissing plaintiff's esoppel claim.

In the present case, plaintiff argues that "extraordinary circumstances" exist in his case because defendant retained premiums forwarded to it by the UHSH on behalf of Louise Mooney and failed to inform Louise Mooney that she was not covered by supplemental benefits. However, as demonstrated by the case law cited above, such allegations are insufficient to satisfy the "extraordinary circumstances" requirement.[4] The Court reads cases cited above, as

---

[4] Even though plaintiff's complaint and the papers submitted in opposition to defendant's motion for summary judgement assert, in conclusory fashion, that defendant knew of plaintiff's improper enrollment long before the denial of supplemental benefits, the Court finds no factual support for such an assertion. Defendant submitted an affidavit of Carol Somers, a Benefit Specialist, in which Ms. Somers states that defendant does not manage enrollment under group life insurance policies nor does it track who is afforded coverage under the policy in question. According to Ms. Somers, these duties rest exclusively with the UHSH. Furthermore, the affidavit states that under the group life insurance plan, the UHSH submits premium payments, showing the covered benefits total. Defendant, however, does not receive a corresponding list of individuals insured under the group life insurance policy. In her affidavit Ms. Somers states that defendant did not become aware of Louise Mooney's improper

standing for the proposition that a plaintiff cannot satisfy the "extraordinary circumstances" requirement where plaintiff fails, through his own fault or through the fault of his employer, to comply with the terms of the insurance policy and the insurer, without knowing of such failure, continues to accept premium payments on the plaintiff's behalf.  *See Kaus*, 176 F.Supp.2d at 1198 (plaintiff cannot satisfy "extraordinary circumstances" requirement where defendant's misrepresentation was a mistake); *see also Stovall*, 2001 WL 1178601 at *2 (refusing to hold insurer liable for non-performance of employer).  Where such circumstances exist, the insurance company will not be estopped from denying benefits to plaintiff on the basis of improper enrollment.  Accordingly, the Court finds that defendant is not estopped from denying plaintiff supplemental life insurance benefits on the basis that it accepted and retained premiums submitted on behalf of Louise Mooney.

        Plaintiff also asserts that it should prevail on his estoppel argument because defendant refused to comply with UHSH's directive to pay plaintiff requisite benefits.  Specifically, plaintiff asserts that the Summary Plan Description states UHSH's role as a Plan Administrator role, in the following way: "The Plan Administrator has the discretionary authority to determine the eligibility for benefits and to construe the [t]erm of the [p]lan."  Plaintiff reads this language as permitting the UHSH to exercise its own judgement in deciding who should be paid benefits under the plan.  According to plaintiff, defendant's refusal to pay benefits to plaintiff despite UHSH's written request to defendant to do so, constitutes "extraordinary circumstances" in the

---

enrollment until it had received a claim for benefits under her policy.  Plaintiff offered no evidence to indicate otherwise.  Accordingly, the Court concludes that defendant had no knowledge of Louise Mooney's improper enrollment until it reviewed her eligibility for benefits pursuant to a claim submitted by plaintiff.

present case.

The Court finds plaintiff's argument unpersuasive. The language cited by plaintiff merely indicates that the UHSH has a discretion to determine whether a particular individual is eligible to participate in the plan;[5] it does not give the USHS authority to award benefits to plan's participants. Defendant submitted an affidavit of Carol Somers, dated August 26, 2003, indicating that such authority is reserved solely for defendant. Under these facts, defendant's refusal to allegedly honor UHSH's request for benefits on behalf of plaintiff cannot give rise to "extraordinary circumstances." Accordingly, defendant is not estopped from denying plaintiff supplemental life insurance benefits on the basis of plaintiff's improper enrollment.

**D.     Breach of Contract Claim**

In addition to his claims under ERISA, plaintiff brings common-law claim against defendant for breach of contract. Defendant argues that insofar as plaintiff's claim for breach of contract is based on state law, it is preempted by ERISA. In the papers submitted in opposition

---

[5]In the present case, plaintiff's inability to recover supplemental life insurance benefits stems from UHSH's error in processing Louise Mooney's initial enrollment application. In a letter dated August 29, 2001, the UHSH admitted to improperly processing the application in question. Specifically, the letter states that Louise Mooney was originally scheduled to attend UHSH's New Employee Orientation on August 7, 2000. If she had attended the Orientation at that time and completed documents necessary for participation in the supplemental life insurance benefits, her enrollment would have been timely. However, due to UHSH's scheduling conflict Louise Mooney was unable to attend orientation until September 25, 2000. On that date, she filled out an application for supplemental life insurance benefits and the UHSH subsequently processed her application. Such processing was, however, in error because more than thirty one days had passed between Louise Mooney's eligibility date and her enrollment date. Accordingly, the UHSH should not have processed Louise Mooney's enrollment application without first asking her to submit evidence of good health. In a letter to defendant, the UHSH acknowledged making this mistake in the following way: "Our system for enrolling new employees within the context of our current contract has only a .01% failure rate. Unfortunately, Louise fell into this minuscule category."

to defendant's motion for summary judgement, plaintiff does not dispute defendant's position with respect to this claim.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *29 U.S.C. § 1144(a)*. ERISA preemption is not limited to state laws that specifically affect employee benefit plans; it extends to state common-law contract and tort actions that relate to benefits as well. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). The phrase " '[r]elates to' must be construed in its 'normal sense' - that is, a state law claim is preempted 'if it has a connection with or reference to such a plan.'" *Gilbert v. Burlington Indus.*, 765 F.2d 320, 326-27 (2d Cir.1985) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 97 (1983)). Furthermore, "[a] state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 288 (2d Cir.1992).[6]

The claims that plaintiff has raised clearly relate to an employee benefit plan. Specifically, plaintiff alleges that the contract of insurance was formed between defendant and Louise Mooney and that defendant's failure to pay supplemental benefits to plaintiff, as Louise Mooney's beneficiary under the policy, constitutes a breach of contract by defendant. Numerous decisions in this Circuit, however, make clear that breach of contract claims arising from a failure to pay benefits under an ERISA plan are preempted. *See Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 8-10 (2d Cir.1992); *Keiser v. CDC Inv. Mgmt. Corp.*, 160 F.Supp.2d 512,

---

[6]Here it appears that plaintiff asserts a breach of contract claim merely as an alternative theory of recovery. The Court draws this conclusion from plaintiff's complaint which states in relevant part that "[w]hether or not this action is governed by ERISA, a contract of insurance was formed between [defendant] and Louise Mooney." Verified Complaint ¶ 38.

516-17 (S.D.N.Y.2001); *Protocare of Metro. N.Y., Inc. v. Mutual Ass'n Admin'rs, Inc.*, 866 F.Supp. 757, 759-60 (S.D.N.Y.1994); *Snyder v. Elliot W. Dann Co.*, 854 F.Supp. 264, 273 (S.D.N.Y.1994).

In light of the above authority and plaintiff's concession, the Court finds that plaintiff's state law breach of contract claim is preempted by ERISA. Accordingly, summary judgment is granted in favor of defendant on that claim.

## IV.  CONCLUSION

For the forgoing reasons it is hereby

ORDERED that defendant's motion for summary judgment is granted; and it is further

ORDERED that the complaint is dismissed in its entirety.

IT IS SO ORDERED.

Dated:   July 21, 2005

Norman A. Mordue
U.S. District Judge